IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| RANDALL J. BAKER,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant. | No. C07-0001<br><br>**RULING ON MOTION TO REMAND** |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Randall J. Baker's Motion to Remand (docket number 12) filed on August 8, 2007. Baker asks the Court to reverse the final decision of the Commissioner and remand this matter for further proceedings.

## II. PRIOR PROCEEDINGS

Baker applied for Title II disability insurance benefits and Title XVI supplemental security income ("SSI") benefits on April 12, 2001, alleging an inability to work since October 31, 2000 due to back, knee, and shoulder problems and hepatitis C. His applications were denied initially and upon reconsideration. On December 2, 2003, Baker appeared with counsel before Administrative Law Judge ("ALJ") Andrew T. Palestini for an evidentiary hearing. In a decision dated April 16, 2004, the ALJ denied Baker's claim. The ALJ determined Baker was not disabled and was not entitled to disability insurance benefits or SSI benefits because he was able to perform his past relevant work as a warehouse supervisor. Baker appealed the ALJ's decision. On June 29, 2004, the Appeals Council denied Baker's request for review. Consequently, the ALJ's April 16, 2004 decision was adopted as the Commissioner's final decision.

1

On August 26, 2004, Baker filed an action seeking judicial review of the Commissioner's final decision (Case No. 04-cv-0109). On March 11, 2005, Magistrate Judge John A. Jarvey entered an Order in that case, remanding the matter to the Commissioner of Social Security for further proceedings. On November 28, 2005, the Appeals Council remanded the case to the ALJ for further proceedings consistent with the March 11, 2005 Order. On March 9, 2006, Baker appeared with counsel before ALJ Palestini for a second evidentiary hearing. On remand, in a decision dated September 13, 2006, the ALJ denied Baker's claim. The ALJ determined Baker was not disabled and was not entitled to disability insurance benefits or SSI benefits because he was functionally capable of performing work that exists in significant numbers in the national economy. Baker did not file exceptions with the Appeals Council to the ALJ's decision and the Appeals Council did not review his case on its own motion. Consequently, the ALJ's September 13, 2006 decision on remand was adopted as the Commissioner's final decision on November 13, 2006.

On January 1, 2007, Baker timely filed a Complaint seeking judicial review of the ALJ's remand ruling.[1] The Commissioner filed an Answer on April 30, 2007. On June 8, 2007, Baker filed a brief arguing there is not substantial evidence in the record to support the ALJ's finding that he is not disabled and that there is other work he can perform. On August 7, 2007, the Commissioner filed a responsive brief asserting that remand is appropriate for further consideration of Baker's claim. Baker filed the instant motion to remand agreeing with the Commissioner's assessment that this matter should be remanded for further consideration of Baker's claim.

### III. ANALYSIS

The record demonstrates that Baker has a history of depression and was first diagnosed with a depressive disorder by Dr. Bogdan Cherascu in June, 2001. In addition

---

[1] On April 20, 2007, both parties consented to proceed before the undersigned in this matter pursuant to the provisions set forth in 28 U.S.C. § 636(c).

2

to depression, Baker was diagnosed with somatoform disorder[2] by Dr. James Amos in October, 2002. The Commissioner, in his brief, explained that remand of this matter was necessary because the ALJ failed to properly evaluate Baker's mental impairment at step two of the sequential evaluation process. *See Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (step two of the sequential evaluation process requires the ALJ to make a finding of whether a claimant has a severe impairment). Specifically, the Commissioner states:

> Despite summarizing [Baker's] psychiatric treatment, the ALJ made no findings regarding whether [Baker] had a severe impairment and did not include the required findings under the "special technique" for evaluating mental impairments. . . . The ALJ must include in his decision his rationale for reaching conclusions regarding the severity of a mental impairment.

*See* The Commissioner's Brief at 5; *see also* 65 Fed. Reg. 50746-01 (explaining the medical criteria for evaluating mental disorders in social security cases). The Commissioner concludes:

> Upon receipt of the Court's remand order, the Appeals Council will remand this case to the ALJ who will be directed to properly consider [Baker's] mental impairment and comply with specific directions in this Court's prior order[, entered by Magistrate Judge John A. Jarvey on March 11, 2005,] concerning further evaluation of [Baker's] fatigue and pain resulting from Hepatitis C.

*See* The Commissioner's Brief at 6. Although the Commissioner's brief does not address in detail, the issue of whether the ALJ complied with the March 11, 2005 remand Order for evaluation of Baker's fatigue and pain resulting from Hepatitis C, a review of the ALJ's remand decision reveals that he did not properly evaluate this issue as ordered on

---

[2] An individual suffers from somatoform disorder when one's level of depression is linked to one's level of physical pain. In this case, Dr. Amos noted that Baker's "depression appeared to be under better control when his pain was under control." Dr. Amos also noted that Baker "had a tendency to somatize."

remand. In his motion for remand, Baker indicates that he agrees with the Commissioner's conclusion that his case should be remanded for further evaluation.

Because the Commissioner requests a remand pursuant to sentence four of 42 U.S.C. § 405(g),[3] the Court must conduct a plenary review of the record and provide a substantive ruling regarding the case. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). The Court has reviewed the record in this matter and finds that Baker's motion should be granted. Accordingly, the Court finds that this matter should be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) with directions to consider Baker's mental impairment and comply with the Order entered by Magistrate Judge John A. Jarvey on March 11, 2005 for evaluation of Baker's fatigue and pain resulting from Hepatitis C.

## *IV. ORDER*

**IT IS THEREFORE ORDERED** as follows:

1. The Motion for Remand (docket number 12) filed by Plaintiff is hereby **GRANTED**.

2. This case is hereby **REVERSED** and **REMANDED** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings as discussed herein.

DATED this 28th day of August, 2007.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA

---

[3] 42 U.S.C. § 405(g) provides in pertinent part:
> The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.